# Exhibit A

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

BOB WEBER'S, INC., et al.,

    Plaintiffs,

v.

PACWEST ENERGY, LLC, a Delaware limited
liability company,

    Defendant.

Case No. 15CV11023

**SUMMONS**

TO: PacWest Energy, LLC, Defendant
   c/o Darin D. Honn
   Sussman Shank LLP
   1000 SW Broadway Ste. 1400
   Portland, OR 97205

  You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!
 You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.
 If you have any questions, you should see an attorney immediately. If you need help in find an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF
CRAIG R. BERNE        874202
ATTORNEY'S NAME (TYPED OR PRINTED) BAR NO.
5000 MEADOWS ROAD, SUITE 400
ADDRESS
LAKE OSWEGO,  OR 97035  503-968-1475
CITY    STATE ZIP    PHONE
_____
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

STATE OF OREGON)
      ) ss.
County of Clackamas )

  I, the undersigned attorney of record for the plaintiff verify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON ISSUING THIS SUMMONS: You are hereby directed to serve a true copy of this summons together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

HARRIS BERNE CHRISTENSEN LLP
5000 Meadows Road, Suite 400
Lake Oswego, OR 97035
Tel: (503) 968-1475
Fax: (503) 968-2003

Page 1 - *Summons*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BOB WEBER'S, INC., an Oregon corporation; MARSHA WEBER, an individual; and MATHEW WEBER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PACWEST ENERGY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT (SPECIFIC PERFORMANCE), BREACH OF CONTRACT (DAMAGES), BREACH OF THE OREGON MOTOR FUELS FRANCHISE ACT, BREACH OF THE PETROLEUM MARKETING PRACTICES ACT, AND, INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**<br><br>AMOUNT CLAIMED: $500,000.00<br><br>**Case Not Subject to Mandatory Arbitration** |

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

1.

At all relevant times, Plaintiff Bob Weber's, Inc. is and has been an Oregon corporation with its principal place of business in Multnomah County, Oregon. Plaintiffs Marsha Weber ("Marsha") and Mathew Weber ("Mathew") are individuals residing and/or having their principal place of business in Multnomah County, Oregon. The lease and franchise agreements at issue in this case relate to a property located in Multnomah County, Oregon.

2.

At all relevant times, Defendant PacWest Energy, LLC ("PacWest") is and has been a Delaware limited liability company authorized to do business in Oregon.

*Page 1 – COMPLAINT*

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

3.

Robert J. "Bob" Weber was married to Marsha and was the father of Mathew. Bob Weber passed away on or about January 23, 2015, at the age of 84.

4.

Since at least the early 1970s, Bob Weber operated a gas station franchise at the corner of Capitol Highway and Huber Street in Southwest Portland, Multnomah County (specifically the property located at 10120 S.W. Capitol Highway, Portland, OR 97219). The gas station was branded as an Exxon station, then Texaco, and more recently Shell (hereinafter "the Gas Station"). Prior to 2002, Bob Weber owned all the shares of stock of Bob Weber's, Inc. ("BWI"), but on May 16, 2002, Bob Weber transferred all the shares of BWI stock to "Robert J. Weber, Trustee (or any successor Trustee) of the Robert J. Weber Trust under agreement dated May 16, 2002 as amended." Since May 16, 2002, BWI has been owned by the Robert J. Weber Trust ("the Trust").

5.

In 2010, the entity that owned the real property upon which the Gas Station was located and which owned the local franchisor rights for branding and delivering fuel to Shell gas station franchisees was PacWest. PacWest entered into two agreements in 2010 that together constituted "the Franchise." The two agreements were the Retail Facility Lease ("the Lease") and the Retail Sales Agreement ("the RSA"). PacWest, as Lessor, entered into the Lease with "Bob Weber [sic] Inc./Robert J. Weber" as Lessee. PacWest, as Seller, entered into the RSA with "Bob Weber [sic] Inc./Robert J. Weber" as Retailer. Since 2010, the successor trustee of the Trust has been John McNeese. The initial Franchise term was July 1, 2010 through June 30, 2015, but both the Lease and the RSA allowed the Lessee/Retailer the unrestricted right to renew the Franchise on specified terms for a second five-year period through June 30, 2020.

6.

Between 2010 and his death in January 2015, Bob Weber served as the President of BWI, but the owner of BWI was the Trust. Marsha (Bob Weber's wife) was the secretary of BWI,

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

managed the books for BWI and assisted on-site as requested, including several daily on-site visits while Bob Weber was unavailable. Mathew (Bob Weber's adult son) worked with his father on planning improvements to the site and traveled with Bob Weber to PacWest's headquarters in Idaho to talk about his eventual planned assumption of the franchise, and was and is familiar with, and competent to conduct, the operations of the Gas Station under the Franchise. Mathew has attended Shell dealer training seminars and other seminars and training sessions relevant to the operation of the Franchise, and has a Master's in Business Administration.

7.

The RSA, on pages 22 and 23, has a provision allowing the Retailer to designate a "surviving spouse [or] adult child" to be the successor ("the Designee") under the RSA and related agreements. In the blank provided on page 23 of the RSA to identify the Designee, PacWest, in preparing the final RSA, filled in "Bob Weber [sic] Inc./Robert J. Weber." It was understood that, as of 2010, the Designee for Bob Weber was Bob Weber's, Inc., which was owned by the Trust.

8.

In March and April 2012, Christian Oelke, as estate-planning lawyer for Bob Weber, communicated (in writing and in telephone conversations) with Richard Johnson, attorney for PacWest, that Bob Weber wished to designate his son, Mathew, as his successor (*i.e.*, the Designee) for the Franchise. The attorney for PacWest, Richard Johnson, made clear to Mr. Oelke, that PacWest acknowledged Mathew was competent and acceptable to PacWest as Bob Weber's successor to the Franchise.

9.

On February 26, 2015, pursuant to sections 3 and 25 of the Lease, written notice was given to PacWest of the Lessee's extension of the Lease for the second five-year term extending through June 30, 2020.

10.

As noted above, in January 2015, Bob Weber passed away. By a letter dated February 3,

Page 3 – COMPLAINT

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

2015, PacWest stated that Mathew could continue running the Gas Station through May 7, 2015 (again demonstrating PacWest's belief that Mathew was competent and qualified to operate the Franchise), but stating that Bob Weber's death was an event of termination under the Lease and the RSA and that PacWest would take back the gas station and assume control and operation of the Franchise after that date. PacWest has stated its intention that once it re-takes possession and assumes control, it intends to close and tear-down the Gas Station before rebuilding and re-opening it in a new convenience store and fuel-dispensing configuration.

11.

Within thirty (30) days of Bob Weber's death, pursuant to section 25 of the RSA, counsel for BWI, Marsha and Mathew wrote in-house counsel for PacWest by a letter dated February 9, 2015, confirming that Mathew was designated by Bob Weber as the Designee to succeed to his interests as the Retailer and the Lessee under the Franchise, and invoking all "rights and remedies under ORS 650.255 and the federal Petroleum Marketing Practices Act." As of February 6, 2015, Mr. McNeese, as sole director of BWI, appointed Marsha as President and Secretary of BWI and Mathew as Vice President and General Manager of BWI.

12.

The Lease and the RSA contain a covenant of good faith and fair dealing, implied as a matter of law, to protect the reasonable contractual expectations of the parties, including the expectations that Bob Weber would be allowed to designate his successor Designee, as he did through the March 2012 communications between Mr. Oelke and Mr. Johnson, and as BWI did through its February 2015 notices to PacWest. Furthermore, the Oregon Motor Fuels Franchise Act ("OMFFA") explicitly imposes a duty of good faith and fair dealing on such franchisors (ORS 650.245).

13.

Notwithstanding, PacWest has continued to assert the demand that Bob Weber's death gave it the right to terminate the Franchise under the Lease and the RSA; that the designations of Mathew

*Page 4 – COMPLAINT*

as the Designee entitled to succeed as the Retailer and the Lessee was ineffective; and that BWI, Marsha and Mathew have no right to require PacWest to renew, extend or enter into new versions of the Lease and/or RSA with any of them. Specifically as to the Lease, PacWest relies upon section 18, which states that PacWest may terminate the Lease:

> "Subject to Lessee's successor in interest rights under the RSA, [upon] Lessee's death if Lessee is an individual, or if Lessee is a partnership or corporation, the death of any individual who is currently in 'control' of the ownership interest of Lessee ('control' being the authority to direct the operations of Lessee and to have or exercise management responsibility)."

As to the RSA, Pacwest relies upon the "Termination or Nonrenewal" provision, which states that PacWest may terminate the RSA:

> "Subject to Section 25, [upon] Retailer's death if Retailer is an individual, or if Retailer is a partnership or corporation, the death of any individual who is currently in 'control' of the ownership interest of Retailer ('control' being the authority to direct the operations of Retailer and to have or exercise management responsibility)."

14.

BWI, Marsha and Mathew assert that PacWest is incorrect with regard to the assertions set forth in paragraph 13, *supra*. The termination provisions of the Lease and of the RSA are explicitly "Subject to any limitations imposed by Law." ("Law" is defined in both agreements to include applicable federal and state statutes.) The OMFFA, ORS 650.200, *et seq*., requires the franchisor (PacWest) to enter into a new franchise on terms consistent with the prior agreements if before the franchisee's death, the franchisee notified the franchisor of the designee, which BWI and Bob Weber did in March 2012 through Mr. Oelke's communications with Mr. Johnson. ORS 650.225. In the alternative, the OMFFA provides that the franchisee's spouse (Marsha) is the designee by default. Marsha is of sound mind and body and is willing and able to keep Mathew as the General Manager to operate the Franchise and enter into new Franchise agreements with PacWest in the event that she is by default the designee; she has already so designated Mathew in the February 9, 2015 notice to PacWest, and Mathew was already designated as the General Manager by action of the sole shareholder of BWI (Mr. McNeese as Trustee of the Trust) effective February 6, 2015.

Page 5 – COMPLAINT

15.

Moreover, inasmuch as that the Retailer and the Lessee were identified by PacWest in both the RSA and the Lease as "Bob Weber [sic] Inc./Robert J. Weber," the Retailer and the Lessee necessarily includes BWI. The ownership interest of BWI, which is a corporation, was and continues to be held by the Trust, and therefore the individual in "control" of the ownership interest of BWI was John McNeese (Successor Trustee of the Trust), not Bob Weber. Mr. McNeese is still alive and the Trust and BWI are still in existence, so there has not been a termination event as defined in the RSA or the Lease. PacWest must either honor the extension of the existing Franchise through June 30, 2020, or enter into new Franchise agreements with Mathew (as the Designee) or Marsha (as the default Designee) and BWI (which effective February 6, 2015 named Marsha as its President and Secretary and Mathew as its Vice President and General Manager) upon "then-current terms and conditions."

16.

Furthermore, the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801, *et seq.*, prohibits PacWest from terminating or failing to renew the franchise except upon specified terms, none of which apply here, which means that it is foreseeable that the Franchise would continue to be renewed for the next twenty years, at least. In any event, BWI, Marsha and Mathew contend that PacWest has no right to terminate the Franchise and take over the gas station, as it has stated it intends to do on May 7, 2015, and that PacWest must either honor the five-year renewal of the Franchise agreements through June 30, 2020 or enter into new agreements with BWI and Mathew or Marsha on terms and conditions consistent with the statutory requirements.

17.

BWI, Marsha and Mathew have no plain, speedy or adequate remedy at law to address PacWest's improper, illegal and unauthorized cancellation of the Franchise and plans to re-take possession and control of the Gas Station on May 7, 2015.

///

Page 6 – COMPLAINT

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

18.

There is currently an actual dispute and controversy between PacWest on the one hand and BWI, Marsha and Mathew on the other hand, ripe for declaratory relief pursuant to Oregon's Uniform Declaratory Judgments Act, ORS 28.010, et seq., as to PacWest's right to terminate the Franchise agreement and take possession and control of the Gas Station and the Franchise on May 7, 2015, and PacWest's obligation to honor the extension of those agreements and recognize Mathew or Marsha as the successor Designee or enter into new Lease and RSA agreements with BWI and Mathew or Marsha.

19.

BWI, Marsha and Mathew request a declaration pursuant to ORS 28.020 (and the relevant provisions of the OMFFA and PMPA, as set forth below) that PacWest may not terminate the Franchise agreements and take possession and control of the Gas Station and the Franchise on May 7, 2015, and instead has an obligation to honor the extension of those agreements and recognize Mathew or Marsha as the successor Designee, or enter into new Lease and RSA agreements with BWI and Mathew or Marsha. The relief sought by BWI, Marsha and Mathew herein will terminate the present uncertainty and controversy giving rise to this proceeding. All appropriate viable, existing parties have been joined hereto.

20.

Both the RSA and the Lease provide for an award of attorney fees to the prevailing party for enforcement of those agreements. Accordingly, BWI, Marsha and Mathew, as prevailing parties, are entitled to an award against PacWest of their reasonable attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Breach of Contract - Specific Performance)

21.

BWI, Marsha and Mathew reallege paragraphs 1 through 20 as though incorporated herein.

22.

*Page 7 – COMPLAINT*

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

1  PacWest breached the Franchise (the RSA and the Lease) by refusing to honor the extension of those agreements and by refusing to recognize Mathew or Marsha as the successor Designee, and/or by refusing to enter into new Lease and RSA agreements with BWI and Mathew or Marsha.

23.

As a direct and proximate result of PacWest's breaches of contract, BWI, Marsha and/or Mathew have been damaged by the loss of the anticipated profits through the five-year extension and at least one subsequent anticipated five-year renewal pursuant to the terms of the Franchise agreements and the PMPA (the present value of which is estimated to be $500,000). BWI, Marsha and Mathew seek specific performance of the Lease and the RSA by requiring PacWest to recognize the extension of the Franchise through at least June 30, 2020 with BWI and Mathew or Marsha as the Lessee/Retailer, or by requiring PacWest to enter into new Franchise agreements with BWI, and Mathew or Marsha on terms and conditions as required by statute.

### THIRD CLAIM FOR RELIEF

**(Breach of Contract - Damages)**

24.

BWI, Marsha and Mathew reallege paragraphs 1 through 23 as though incorporated herein.

25.

PacWest breached the Franchise (the RSA and the Lease) by refusing to honor the extension of those agreements and by refusing to recognize Mathew or Marsha as the successor Designee, and/or by refusing to enter into new Lease and RSA agreements with BWI and Mathew or Marsha.

26.

As a direct and proximate result of PacWest's breaches of contract, BWI, Marsha and/or Mathew have been damaged by the loss of the anticipated profits through the five-year extension and at least one subsequent anticipated five-year renewal pursuant to the terms of the Franchise agreements and the PMPA (the present value of which is estimated to be $500,000). BWI, Marsha and/or Mathew seek monetary damages in the amount of the present value of the expected losses currently believed to be not less than $500,000.

Page 8 – COMPLAINT

### FOURTH CLAIM FOR RELIEF

### (Breach of OMFFA)

27.

BWI, Marsha and Mathew reallege paragraphs 1 through 26 as though incorporated herein.

28.

PacWest's refusal to honor the extension of the Franchise agreements and/or to enter into new Franchise agreements, as required by statute, with BWI and Mathew or Marsha, violated the relevant provisions of the OMFFA, and in particular, ORS 650.225.

29.

ORS 650.250 provides that any person injured by reason of a violation of the OMFFA may seek injunctive relief or damages caused thereby. BWI, Marsha and Mathew have suffered and will continue to suffer irreparable harm as a result of PacWest's violations of their rights under the OMFFA. Unless restrained by this Court, PacWest will continue in its violations of the OMFFA, including carrying out its threats to terminate the lease, re-take possession of the real property and take over the operations of the Gas Station on May 7, 2015. Because of the difficulty of measuring both damages and future harm, BWI, Marsha and Mathew have an inadequate remedy at law and are therefore entitled to orders restraining and enjoining PacWest from terminating the Lease and taking possession of the real property and the operations of the Gas Station. BWI, Marsha and Mathew are further entitled to an injunctive commanding PacWest to recognize Mathew or Marsha as the successor Designee and honoring the five-year extension of the Franchise to June 30, 2020, along with any related renewal rights under the PMPA, or in the alternative, requiring PacWest to enter into a new Lease and RSA with BWI and Mathew or Marsha upon the same terms and conditions required by statute.

30.

ORS 650.250 provides that the Court may grant an award of attorney fees to the prevailing party for enforcement of the OMFFA. Accordingly, BWI, Marsha and Mathew are entitled to an

Page 9 – COMPLAINT

award against PacWest of their reasonable attorney fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Breach of PMPA)

31.

BWI, Marsha and Mathew reallege paragraphs 1 through 30 as though incorporated herein.

32.

PacWest's improper attempt to terminate the Franchise and deny the renewal rights of BWI, Marsha and/or Mathew violated their rights thereto pursuant to the PMPA.

33.

The PMPA provides this Court with authority to grant equitable relief for violations of the Act, including "declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief." 15 U.S.C. § 2805(b). The PMPA also gives the right to recover exemplary damages where the violation of the Act's requirements was "willful," as is the case here. 15 U.S.C. § 2805(d)(1)(B).

34.

BWI, Marsha and Mathew have suffered and will continue to suffer irreparable harm as a result of PacWest's violations of their rights under the PMPA. Unless restrained by this Court, PacWest will continue in its violations of the PMPA, including carrying out its threats to terminate the lease, re-take possession of the real property and take over the operations of the Gas Station on May 7, 2015. Because of the difficulty of measuring both damages and future harm, BWI, Marsha and Mathew have an inadequate remedy at law and are therefore entitled to orders restraining and enjoining PacWest from terminating the Lease and taking possession of the real property and the operations of the Gas Station. BWI, Marsha and Mathew are further entitled to an injunctive commanding PacWest to recognize Mathew or Marsha as the successor

Designee and honoring the renewal rights under the PMPA, or in the alternative, requiring PacWest to enter into a new Lease and RSA with BWI and Mathew or Marsha upon the same terms and conditions required by statute.

35.

15 U.S.C. § 2805(d) provides that the Court may grant an award of attorney fees and expert witness fees to a prevailing franchisee for enforcement of the PMPA. Accordingly, BWI, Marsha and Mathew are entitled to an award against PacWest of their reasonable attorney fees and costs, as well as any expert witness fees they incur in connection with this matter.

### SIXTH CLAIM FOR RELIEF

(Intentional Interference with Prospective Business Relations)

36.

BWI, Marsha and Mathew reallege paragraphs 1 through 35 as though incorporated herein.

37.

PacWest's wrongful actions, as alleged above, will improperly interfere with BWI's, Marsha's and/or Mathew's ability to conduct business at the Gas Station and continue to earn profits consistent with the operation of the Franchise under the RSA and the Lease. These wrongful actions will interfere with the business relations that BWI and Marsha or Mathew intended and expected to enter into with the Gas Station's customers.

38.

PacWest's interference was for the improper purpose of terminating the Franchise and taking over the Gas Station so that it could be run as a company-owned store by PacWest, rather than as a franchised operation by BWI, Marsha and Mathew.

39.

PacWest's interference was undertaken by the improper means of breaching the Lease and the RSA and violating the OMFFA and PMPA.

///

Page 11 – COMPLAINT

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

40.

BWI, Marsha and/or Mathew are entitled to an award of economic damages against PacWest in the amount of the loss of the anticipated profits through the five-year extension and at least one subsequent anticipated five-year renewal pursuant to the terms of the Franchise agreements and the PMPA, and the lost value of the leasehold/franchise, currently believed to be no less than $500,000.

41.

PacWest's intentional interference, as alleged above, was malicious and/or showed a reckless and outrageous indifference to a highly unreasonable risk of harm and was with a conscious indifference to the health, safety or welfare of BWI, Marsha and Mathew. As such, at the appropriate time, BWI, Marsha and Mathew will bring a motion pursuant to ORS 31.725 to add a claim for punitive damages against PacWest to this case.

**WHEREFORE**, BWI, Marsha and Mathew pray for relief as follows:

1. On the First Claim for Relief, for a declaration pursuant to ORS 28.020 that PacWest may not terminate the Franchise agreements and take possession and control of the Gas Station and the Franchise on May 7, 2015, but instead, has an obligation to honor the extension of those agreements and recognize Mathew or Marsha as the successor Designee, or enter into new Lease and RSA agreements with BWI and Mathew or Marsha;

2. On the Second Claim for Relief, for judgment against PacWest ordering specific performance of the Lease and the RSA by requiring PacWest to recognize the extension of the Franchise through at least June 30, 2020 with BWI and Marsha or Mathew as the Lessee/Retailer, or by requiring PacWest to enter into new Franchise agreements with BWI and Marsha or Mathew on terms and conditions consistent with those set forth in the existing Lease and RSA;

3. On the Third Claim for Relief, for judgment against PacWest of monetary damages in the amount of the loss of the anticipated profits through the five-year extension and at least one subsequent anticipated five-year renewal pursuant to the terms of the Franchise agreements and the

Page 12 – COMPLAINT

PMPA, and the lost value of the leasehold/Franchise, currently believed to be no less than $500,000;

4. On the Fourth Claim for Relief, for injunctive relief restraining and enjoining PacWest from terminating the Lease or taking possession of the real property and control of the operations of the Gas Station, and further injunctive relief commanding PacWest to recognize BWI and Marsha or Mathew as the successor Designee and honoring the five-year extension of the Franchise to June 30, 2020, along with any related renewal rights under the PMPA, or in the alternative, requiring PacWest to enter into a new Lease and RSA with BWI and Mathew or Marsha upon the same terms and conditions required by statute, and to pay BWI's, Marsha's and Mathew's reasonable attorney fees;

5. On the Fifth Claim for Relief, for injunctive relief restraining and enjoining PacWest from terminating the Lease or taking possession of the real property and control of the operations of the Gas Station, and further injunctive relief commanding PacWest to recognize BWI and Marsha or Mathew as the successor Designee and honoring the five-year extension of the Franchise to June 30, 2020, along with any related renewal rights under the PMPA, or in the alternative, requiring PacWest to enter into a new Lease and RSA with BWI and Mathew or Marsha upon the same terms and conditions required by statute, and to pay BWI's, Marsha's and Mathew's reasonable attorney fees;

6. On the Sixth Claim for Relief, an award of economic damages against PacWest in the amount of the loss of the anticipated profits through the five-year extension and at least one subsequent anticipated five-year renewal pursuant to the terms of the Franchise agreements and the PMPA, and the lost value of the leasehold/Franchise, currently believed to be no less than $500,000;

7. For BWI's, Marsha's and Mathew's costs and disbursements incurred herein; and

///

///

///

///

1     8.     For such other relief as the Court deems proper.

2     DATED April 29, 2015.        **HARRIS BERNE CHRISTENSEN LLP**

3                                 By:   s/ Craig R. Berne
                                        Craig R. Berne, OSB #874202

4                                         Roger K. Harris, OBS #780461
                                        Of Attorneys for Plaintiffs

5                                         BOB WEBER'S, INC., MARSHA WEBER,
                                        and MATHEW WEBER

6                                         email: craig@hbclawyers.com

7                                         Trial Attorney:
                                            Craig R. Berne, OSB #874202

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Page 14 – COMPLAINT*

HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
P: 503.968.1475 | F: 503.968.2003

# Exhibit B

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BOB WEBER'S, INC., an Oregon corporation; MARSHA WEBER, an individual; and MATHEW WEBER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PACWEST ENERGY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 15CV11023<br><br>NOTICE OF REMOVAL TO FEDERAL COURT |

Pursuant to 28 U.S.C. § 1441(a), Defendant PacWest Energy, LLC ("PacWest") has filed in the United States District Court for the District of Oregon a Notice of Removal. A copy of the Notice of Removal is attached to this Notice and is served and filed herewith.

Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

DATED this 7th day of May, 2015.

SUSSMAN SHANK LLP

By: s/ D. Christopher Burdett
    Darin D. Honn, OSB No. 882279
    John A. Schwimmer, OSB No. 044097
    D. Christopher Burdett, OSB No. 012184
    Attorneys for Defendant

NOTICE OF REMOVAL TO FEDERAL COURT - Page 1

Sussman Shank LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111